Harold V. Dye
Dye & Moe, P.L.L.P.
120 Hickory Street, Ste. B
Missoula, Montana 59801
406-542-5205
406-721-1616 fax
hdye@dyemoelaw.com
Attorney for Debtor
I.D. Number 408

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MONTANA

In Re

JOHN HENRY SCHNEIDER,

    Debtor.

JOSEPH V. WOMACK, TRUSTEE,

    Plaintiff,

v.

JOHN HENRY SCHNEIDER,

    Defendant.

Case No. 14-61357

Adversary No. 15-00020

**ANSWER TO FIRST AMENDED COMPLAINT**

    Defendant, John Henry Schneider, for his answer to the First Amended complaint on file herein, admits, denies and alleges as follows:

    1.    Admit paragraphs 1, 2, 3, 4 and 5.

2. Deny paragraph 6.

3. In answer to paragraph 7, admit that Debtor is the grantor and trustee of the John Schneider Revokable trust as alleged. Deny the remaining allegation of said paragraph.

4. In answer to paragraph 8, admit that Michelle Schneider is Debtor's wife and is the grantor and trustee of the Michelle Schneider Revokable Trust but deny that the trust was at the direction of Debtor. Further admit that Michelle Schneider is the trustee of the Children's Trusts. Deny the remaining allegations of said paragraph.

5. In answer to paragraph 9 admit that Kathleen Burrows is Debtor's sister and previously served as trustee of the Children's Trusts. Deny the remaining allegations of said paragraph.

6. In answer to paragraph 10, admit that Schneider Management is a Wyoming Limited Liability Company formed on or about November 20, 2007 and that Michelle Schneider is currently acting manager of Schneider Management. Deny the remaining allegations of said paragraph.

7. In answer to paragraph 11, admit that Schneider Limited Partnership is a Wyoming limited partnership formed on or about November 20, 2007 and that Schneider Management holds a one percent interest in Schneider, LP. Deny the remaining allegation of said paragraph.

2

8. In answer to paragraph 12, admit that MedPort is a Wyoming limited liability company form on or about May 1, 2012. Deny the remaining allegations of said paragraph.

9. Deny paragraph 13. BSC is a defunct Wyoming limited liability company formed by Wyoming law firm Bonner-Stinson as an estate planning tool in 2005 at the direction John and Michelle Schneider in order to gift their three children all assets located at ranch property in Wyoming. The Schneiders subsequently retained Wyoming estate planning attorney Mike Greear who determined that is was inappropriate to have the ranch properties owned by an LLC whose members were minor children. Mr. Greear arranged to have the ranch assets transferred to Schneider, LP contemplating distribution and gifting to the children at a future appropriate time when they were of maturity and legal age.

10. In answer to paragraph 14 admit that Debtor was financially successful and deny the remaining allegations of said paragraph.

11. Deny paragraphs 15 and 16.

12. Answer paragraph 17 as follows: Debtor did not purchase and own ranch property with "his own funds" but in fact, John and Michelle Schneider purchased the property with joint funds with the intent of estate

planning as recommended to them beginning in 2001 with attorneys at Brown law Firm in Billings MT, Bonner -Stinson law firm in Cody WY and ultimately Mike Greear, estate planning expert legal counsel in Worland. Wyoming.  WY.  Plaintiff acquired all records of financial transactions regarding this ranch that will show funding of the ranch asset before 2010. Ranch improvements were made as on-going investments in property improvement by John and Michelle Schneider's co-owned liquid assets with the intent that this property would be part of the inheritance of John and Michelle's children.  Admit that the legal description provided appears to be correct.  Deny the remaining allegations of said paragraph.

13. Deny paragraph 18.

14. Admit paragraphs 19, 20 and 21.

15. In answer to paragraph 22 admit that Schneider LP was formed on November 20, 2007; that its members are the John Trust and Michelle Trust with varying ownership percentages and Schneider Management with a one percent interest and deny the remaining allegations of said paragraph.

16. Deny paragraphs 23 and 24.

17.   Deny paragraph 25 and 26.  The Molt Property was purchased with jointly owned funds of John and Michelle Schneider as an investment.

18.   Deny paragraph 27.   John and Michelle Schneider's equity interest in Schneider, LP was increased accordingly from the value of the Molt Property.

19.   In answer to paragraph 28, admit that approximately 50 acres was acquired by deny the purchase "came from Debtor's own funds."   The land was purchased from funds jointly held by John and Michelle Schneider.

20.   Deny paragraph 29.   As previously plead, this transfer was part of estate planning efforts under the counsel of Mike Greear.

21.   Deny paragraph 30.

22.   In answer to paragraph 31 - 36 states hat the quotations from the emails are out of context.   Debtor is a neurosurgeon which is a high risk profession.  From medical school on, he has been advised by attorneys and accountants that he should engage in asset protection as part of estate planning.

23.   Deny paragraph 37.

24. Deny paragraph 38.

25. Deny paragraph 39. Debtor has irrefutable proof that the cause of Russell Monaco's death was the negligence of his wife who is the claimant in question.

26. Admit paragraph 40.

27. Deny paragraph 41. Debtor received a five week suspension of his medical license in WY while maintaining medical license unrestricted in Montana, a place of business for debtor. Following reestablishment of Wyoming medical license, Debtor's medical practice proceeded to thrive, billing out between March 2012 and January 2013 over 2.7 million dollars in actual collections.

28. Deny paragraphs 42, 43 and 44.

29. In answer to paragraph 45 admit that Schneider, LP did form NRIC as a captive insurance company primarily to "gap" insurance to consumers of medical services at the OMNI medical plaza in Billings Montana. NRIC did insure Northern Rockies Neuro-Spine (NRNS) and its employees (including Debtor) against medical malpractice.

30. Deny paragraphs 46 and 47.

31. In answer to paragraph 48, admit that Debtor resigned as manager of Schneider Management in favor of Kathleen Burrows for business reasons and deny the balance of said paragraph.

32. In answer to paragraph 49, admit that the Children's Trusts were formed on or about March 30, 2012 on advice of counsel and deny the balance of said paragraph.

33. Admit paragraph 50.

34. Deny paragraph 51. Debtor contemplated a gift of one half of the Molt property sale to Kathleen Burrows in her unpaid capacity as litigation manager for John H Schneider, MD. Ms. Burrows purposely did not seek a full time job with benefits, similar to what she left in California when she joined NRNS at the request of Debtor. The Molt asset was transferred while debtor was solvent and in consideration of time and effort Ms. Burrows were to contribute to the sole benefit of debtor throughout 2012, 2013 and 2014.

35. Deny paragraph 52.

36. Deny paragraph 53. Michelle Schneider, as part of recommended estate planning by Mike Greear rebalanced the asset ownership interests in Schneider, LP (after Debtor received a significant

7

distribution) and completed the contemplated transfer of the ranch property to the children's trusts  That was the original intent, but negligently executed action of Bonner Stinson.

37.    Deny paragraph 54.

38.    Deny paragraph 55.  MedPort, was contemplated and the principal reason behind Kathleen Burrows relocation to employment in Billings MedPort.  MedPort was conceived with a preliminary business plan in July of 2010- through 2011 culminating in Kathleen Burrows resignation of California worker's compensation management position, to join NRNS,, to expand the interests of the OMNI surgical project in Billings MedPort as well as continue the development and deployment of software developed for the medical industry.

39.    Deny paragraph 56.  MedPort's ownership interests were transferred to the irrevocable trusts of Schneider Children and Michelle Schneider at the discretion of CEO Brandon Schneider and co-owner Kathleen Burrows.

40.    Deny paragraph 57.

41.    Admit paragraph 58.

42.    Deny paragraph 59.

43. In answer to paragraph 60, admit that the Biles matter was settled on a confidential basis and deny the remaining allegations of said paragraph.

44. Deny paragraph 61. Further, neither this Court nor the Plaintiff Trustee have any legal authority to pursue purported fraudulent transfers from NRIC since insurance companies are excluded from Title 11 relief and are solely subject to state regulation. In addition, the Montana Commissioner of Securities and Insurance who has confirmed that she has no claim against Debtor.

45. Admit paragraph 62 and 63.

46. In answer to paragraphs 64 and 35 admit that the Children's Trust acquired an assignment of the Wells Fargo Judgment Lien and the source of such funds was a loan from MedPort. Deny the remaining allegations of said paragraphs.

47. Deny paragraph 66.

48. Deny paragraphs 67, 68, 69, 70.

49. Deny paragraphs 71, 72 and 73.

50. Deny paragraph 74.

51. Deny paragraph 75. Debtor has no authority and did not control funds in MedPort. MedPort at the discretion of its limited partners and directors acted independent of debtor to relocate funds to California and utilize funds the business MedPort considered appropriate, including investment in a property that Michelle Schneider pays rent to live in and is used in multiple capacities as a production studio necessary for the corporate interests of MedPort itself in its anticipated capacity to generate significant revenue under its business plans.

52. Deny paragraph 76. Debtor's primary residence is his homestead at 3611 Tommy Armour Circle, Billings MT 59106. It is noted that Plaintiff Trustee did not object to this claim of exemption.

53. Deny paragraphs 77 and 78.

54. Deny paragraph 79. Ms. Burrow's resignation came at her own discretion and without duress from Debtor, Michelle Schneider and the Schneider Children. Kathleen Burrows at her own request to corporate counsel removed herself as trustee of the Schneider Children's trust and by default Michelle Schneider was required to become the temporary trustee of these trusts while appropriate replacement trustee is located. Simultaneously, Burrows resigned as manager of Schneider, LP and Schneider Management, demanding that Michelle Schneider in her

capacity as a limited partner with vested interest and majority capital owner by valuation of her capital account in Schneider, LP become acting manager of Schneider, LP and Schneider Management.  Debtor denies influencing or controlling Schneider LP or Schneider Management beyond his rights as a limited partner in these entities.

    55.    Admit paragraph 80.

    56.    Deny paragraph 81 and 82.

    57.    Deny paragraph 83.  As a limited partner of Schneider, LP, Debtor was in fact entitled to request distribution and Michelle Schneider, as a co-equal partner was entitled to the same distributions.

    58.    Deny paragraph 84, 85, 86, 87, 88, 89 and 90.

    59.    Admit paragraph 91.

    60.    Deny paragraph 92.  Debtor has turned over to Plaintiff thousands of pages of documents.

    61.    In answer to paragraphs 93 and 94, admit the facts of docket nos.30, 84 and 88.  Deny the balance of said paragraphs.

    62.    Deny paragraph 95  Debtor has turned over to Plaintiff thousands of pages of documents.

63. Deny paragraph 96 which is complete nonsense and an example of the Plaintiff's overreaching. As was made complete clear to the Plaintiff at the § 341, Debtor listed all of NRNS's patients in the past five years as potential creditors to prevent possible claims from being asserted after his discharge. If Plaintiff wants to see the creditors in the case, he can consult the claims registrar.

64. Deny paragraph 97. 97. At no time did Debtor claim a personal net worth of 17,000,000. Plaintiff seeks to co-mingle funds owned legally by various businesses and entities remote to Debtor's ownership or legally co-owned by Debtor's wife and children as property of the debtor. This is an incorrect portrayal and inaccurate apportionment of assets.

65. In answer to paragraph 98 admit that Plaintiff has filed AP No. 15-00015 but deny that there is any merit to that lawsuit.

66. In answer to paragraph 99, Debtor incorporates by reference his responses to the incorporated paragraphs.

67. Deny paragraphs 100 and 101.

68. In answer to paragraph 102, Debtor incorporates by reference his responses to the incorporated paragraphs.

69. Deny paragraph 103.

70. In answer to paragraph 104, Debtor incorporates by reference his responses to the incorporated paragraphs.

71. Deny paragraph 103.

72. In answer to paragraph 104, Debtor incorporates by reference his responses to the incorporated paragraphs.

73. Deny paragraph 105.

74. Deny paragraph 106. This claim exemplifies the attempt to confuse Debtor with specific questions at remote times. Debtor at all times represented that to the best of his knowledge, Brandon Schneider was at its inception and still is CEO of Medport, LLC and furthermore Debtor made trustee well aware that Brandon Schneider was both studying and working recently in China. Any inference made in this claim, that Debtor indicated Brandon Schneider was not working, attempts to alter, misinterpret and misconstrue testimony provided by Debtor. Trustee has in his possession business formation documents that prove Brandon Schneider was/is CEO of Medport, LLC and has referenced elsewhere in this complaint acknowledgment of this fact. Trustee's assertion that debtor testified in any manner that did not represent this fact is a false statement by Trustee.

75. Deny paragraphs 107 through 114.

76. In answer to paragraph 115, Debtor incorporates by reference his responses to the incorporated paragraphs.

77. Deny paragraph 116.

78. In answer to paragraph 117, Debtor incorporates by reference his responses to the incorporated paragraphs.

79. Deny paragraph 118.

80. In answer to paragraph 119, Debtor incorporates by reference his responses to the incorporated paragraphs.

81. Deny paragraph 120.

82. Deny each and every allegation of the complaint not specifically admitted.

Defenses

First Defense. Any supposed fraudulent transfers made by Northern Rockies Insurance Company are under the exclusive jurisdiction of the Montana Commissioner of Securities and Insurance and this Court has no jurisdiction in respect to such transfers.

Second Defense. Any supposed fraudulent transfers made more than four years prior to the commencement of this case are barred by the

four-year statute of repose of the Uniform Fraudulent Transfer Act as adopted in Wyoming and Montana.

Wherefore, Debtor prays that Plaintiff Trustee take nothing by his complaint and that his discharged be entered forthwith.

DATED: August 24, 2015.

                DYE & MOE, P.L.L.P.

                */s/ Harold V. Dye*

                Harold V. Dye

## CERTIFICATE OF SERVICE

I, the undersigned certify under penalty of perjury that on August 24, 2015, copies of the foregoing Answer were served electronically by ECF notice to all persons/ entities requesting special notice or otherwise entitled to same and that in addition service by mailing a true and correct copy, first class mail, postage prepaid, was made to the following persons/ entities who are not ECF registered users

*/s/ Harold V. Dye*