Harold V. Dye
Dye & Moe, P.L.L.P.
120 Hickory Street, Ste. B
Missoula, Montana 59801
406-542-5205
406-721-1616 fax
hdye@dyemoelaw.com
Attorney for Debtor
I.D. Number 408

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MONTANA

In Re

JOHN HENRY SCHNEIDER,

        Debtor.

JOSEPH V. WOMACK, TRUSTEE,

        Plaintiff,

v.

JOHN HENRY SCHNEIDER,

        Defendant.

Case No. 14-61357

Adversary No. 15-00020

**MOTION TO REQUIRE PARTIES TO SUPPLY INITIAL DISCLOSURES; AND TO STAY DISCOVERY PENDING SUCH DISCLOSURES**

Defendant moves the Court pursuant to Mont.L.B.R. 7026-1(a) to apply the provisions of Fed.R.Civ.P. 26 to this adversary proceeding including the provisions of Rule 26(d)(1) restricting discovery until after the exchange of initial disclosures.

1

**Brief in Support of Motion**

Mont.L.B.R. 7026-1(a) provides that "the provisions of Fed. R. Civ. P. 26(a)(1), as incorporated into F.R.B.P. 7026, shall not apply in adversary proceedings unless so ordered by the Court on a case-by-case basis."   The reason for the rule is simple,   Most bankruptcy proceedings are relatively simple affairs involving relatively few documents and witnesses who are known to the parties.   This not such a case and requires that the process of Rule 26 be imposed.

The plaintiff Trustee has taken most of the substance of his complaint from the complaint in adversary 15-00015 which was a lawsuit against Debtor, his relatives and various entitles.    In that latter case, the Trustee's co-counsel has stated that he has over 10,000 pages of documents in support of the claim.    Some of these documents came from Debtor but others came from numerous Rule 2004 subpoenas (some but far from all were copied to Debtor's counsel).    In addition, the Trustee has the benefit of discovery in adversary 15-00008 which was an avoidance action against Debtor's sister.    None of this discovery has been supplied to Debtor's counsel.

In addition, Debtor has no idea who the witnesses against him are. Debtor is informed and believes that the Trustee is acting in league with

2

several malpractice lawyers (including subpoenaing the files of one).

Debtor has no idea what information these lawyers have given the trustee.

In short, this is a complex case and due process requires that the requirements of Rule 26 be imposed.

## NOTICE OF OPPORTUNITY TO RESPOND AND REQUEST A HEARING

**If you object to the motion, you must file a written responsive pleading and request a hearing within fourteen (14) days of the date of the notice. The responding party shall schedule the hearing on the application at least twenty-one (21) days after the date of the response and request for hearing and shall include in the caption of the responsive pleading in bold and conspicuous print the date, time and location of the hearing by inserting in the caption the following:**

> **NOTICE OF HEARING**
> **Date:** _____
> **Time:**_____
> **Location:**_____

**If no response and request for hearing are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted.**

DATED: August 25, 2015.

                                          DYE & MOE, P.L.L.P.

                                          */s/ Harold V. Dye*
                                          Harold V. Dye

## CERTIFICATE OF SERVICE

I, the undersigned certify under penalty of perjury that on August 25, 2015, copies of the foregoing Motion to Require Parties to Supply Initial Disclosures; and to Stay Discovery Pending Such Disclosures were served electronically by ECF notice to all persons/ entities requesting special notice or otherwise entitled to same and that in addition service by mailing a true and correct copy, first class mail, postage prepaid, was made to the following persons/ entities who are not ECF registered users

*/s/ Ann M. Adler*